# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| 504 TAVERN LLC, *et al.*, | ) |
| and | ) |
| Plaintiffs, | ) Case No. 4:14-cv-115-FJG |
| v. | ) |
| PHILIPP VITTI, *et al.*, | ) |
| Defendants. | ) |

## MOTION FOR LEAVE TO CONDUCT LIMITED DISCOVERY REGARDING JURISDICTIONAL ISSUES

Plaintiffs respectfully request leave from the Court to conduct limited discovery into the disputed issues raised by Defendant Vitti's Motion to Dismiss and the Plaintiffs' Response to Defendant Vitti's Motion to Dismiss. In support of this Motion, Plaintiffs offer the following suggestions in support:

1. Based on the contents of Defendant Vitti's Motion to Dismiss and Plaintiffs' response to the same, the parties clearly differ on whether diversity jurisdiction is appropriate under 28 U.S.C. § 1332, *et seq.*

2. Along those lines, the parties have both submitted exhibits in support of their respective positions on diversity jurisdiction.

3. Mr. Vitti has submitted a personal affidavit indicating that his permanent domicile is with his mother, though he acknowledges that he actually lives in Connecticut.

4. Plaintiffs have submitted an affidavit from a process server and law enforcement official quoting Mr. Vitti's mother as indicating that she is not aware that

her son believes his permanent residence to be in her Missouri home and that she believes him to be living in Florida, but does not know where.

5. Plaintiffs have also submitted exhibits to this Court demonstrating that Mr. Vitti has filed court documents in the State of Florida as well as with the Florida Secretary of State that indicate his permanent residence to be in the State of Florida.

6. Plaintiffs assert that the limited record submitted by the parties is sufficiently contradictory and disparate that limited discovery into the true facts of Defendant Vitti's true domicile is appropriate.

7. Accordingly, Plaintiffs seek leave from this Court to conduct limited discovery to uncover the genuine facts in order to authenticate Defendant Vitti's domicile. Plaintiffs are willing to limit this limited inquiry to three witnesses: Mr. Vitti, Ms. Jeanne Gardner (Mr. Vitti's mother), and Mr. Robert Vick (the process server/police officer).

WHEREFORE, Plaintiffs respectfully Move this Court for an Order allowing Plaintiffs to conduct limited discovery into the disputed issues regarding diversity jurisdiction as documented in Defendant Vitti's Motion to Dismiss and Plaintiffs' Response to Defendant's Motion to Dismiss, and for such further relief as this Court deems just and proper.

    Respectfully Submitted,

    /s/ *Peter J. Chung*
    Peter J. Chung    #49081
    BENTON LLOYD AND CHUNG LLP
    208 W 19th St
    Kansas City, Missouri 64108
    816.588.6825

FAX: 866.216.3649
Attorney for Plaintiffs
peter@blcfirm.com

**CERTIFICATE OF SERVICE**

I certify that on May 5, 2014, I caused the foregoing document to be filed with the Court via the Court's CM/ECF system, which will be sent via ECF to the following counsel of record for Defendant Vitti in this matter:

Richard Rhyne
Kathryn Gasper
Lathrop and Gage
2345 Grand Blvd., Suite 2200
Kansas City, MO 64108
(816) 292-2000 Phone
(816) 292-2001 Fax

ATTORNEY FOR DEFENDANT

/s/ _Peter J. Chung_____
ATTORNEYS FOR PLAINTIFFS